**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

STRIKEFORCE TECHNOLOGIES, INC.,   :
                              :
                Plaintiff,       :
                              :

v.                           :    Civ. A. No. 13-490-RGA-MPT
                              :

PHONEFACTOR, INC., and FIRST     :
MIDWEST BANCORP, INC.         :
                              :
              Defendants.    :

2015 MAY 26 PM 2: 57

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**REPORT AND RECOMMENDATION**

## I.    INTRODUCTION

This is a patent suit.  On March 28, 2013, StrikeForce Technologies, Inc.

("StrikeForce" or "plaintiff") filed suit against PhoneFactor, Inc. ("PhoneFactor" or

"defendant"), FiServ, Inc. ("FiServ"), and First Midwest Bancorp, Inc. ("First Midwest")

alleging those entities infringe U.S. Patent No. 7,870,599 ("the '599 patent").[1]  On June

11, 2013, StrikeForce filed a "Notice of Dismissal of FiServ, Inc. Without Prejudice."[2]

On June 25, 2013, StrikeForce filed an amended complaint removing FiServ as a

defendant and adding additional allegations with respect to First Midwest.[3]  On July 8,

2014, StrikeForce filed a second amended complaint adding allegations that

PhoneFactor and First Midwest also infringe U.S. Patent Nos. 8,484,698 ("the '698

patent") and 8,713,701 ("the '701 patent").[4]  On December 4, 2014, StrikeForce and

---

[1] D.I. 1.
[2] D.I. 27.
[3] D.I. 34.
[4] D.I. 68.

First Midwest filed a "Stipulation and Order of Dismissal" by which all claims between those two parties were dismissed with prejudice.[5]

Pursuant to Federal Rules of Civil Procedure 15(a) and 20(a), StrikeForce now seeks leave to amend its complaint to add allegations of infringement against Microsoft Corporation ("Microsoft").[6]

## II. GOVERNING LAW

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend the pleadings] when justice so requires."[7] "Amendment, however, is not automatic."[8]

> A court . . . has discretion to deny a motion to amend for reasons of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[9]

## III. BACKGROUND

As recited above, StrikeForce filed its initial complaint in this litigation on March 28, 2013,[10] an amended complaint on June 25, 2013,[11] and a second amended complaint on July 8, 2014.[12] A scheduling conference was held on January 30, 2014,

---

[5] D.I. 131.

[6] D.I. 125.

[7] FED. R. CIV. P. 15(a)(2).

[8] *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Sup. 2d 553, 557 (D. Del. 2007) (citing *Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 E.D. Pa. 1993)).

[9] *Merck & Co., Inc. v. Apotex, Inc.*, 287 Fed. App'x 884, 888 (Fed. Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[10] D.I. 1.

[11] D.I. 34.

[12] D.I. 68.

and a scheduling order was entered on February 12, 2014.[13] The court held a

*Markman* hearing on November 19, 2014. Two days later, November 21, 2014,

StrikeForce filed the instant motion, on the last day the scheduling order provided to

move to amend the pleadings and to join parties.

StrikeForce acknowledges it was aware Microsoft acquired PhoneFactor as its

wholly-owned subsidiary in October 2012, but maintains it was only shortly before filing

its motion to amend its complaint and join Microsoft that it became apparent

PhoneFactor is not operating as an independent entity, purportedly necessitating the

filing of that motion.[14]

## IV.    DISCUSSION

StrikeForce states Microsoft is a current infringer of the patents-in-suit in light of

Microsoft's incorporation of PhoneFactor's allegedly infringing systems into products

Microsoft has manufactured, sold, and offered for sale nationwide, including in the state

of Delaware, for instance Microsoft's Azure product.[15] Consequently, StrikeForce

contends Microsoft is a current infringer of the patents-in-suit and acknowledges

Microsoft can be sued independently.[16]

Despite that acknowledgment, StrikeForce maintains adding Microsoft to this

case would preserve judicial resources and expenses for all parties involved. It asserts

it has recently become apparent that PhoneFactor is not operating as an independent

---

[13] D.I. 50.
[14] D.I. 126 at 2; *id.*, Ex. 1 at ¶ 22.
[15] *Id.*
[16] *Id.* at 2, 6.

entity because PhoneFactor's operations have apparently been folded into Microsoft.[17] Additionally, StrikeForce complains its discovery from PhoneFactor has been inhibited because PhoneFactor refuses to produce documents asserted to be Microsoft documents, despite those documents being relevant to the issues in this case.[18]

StrikeForce maintains Microsoft would not be prejudiced by the proposed amendment because it has known of this case from its inception and, in connection with this action, has been represented by the same counsel that represent PhoneFactor.[19] StrikeForce states Microsoft participated in early, unsuccessful, settlement discussions which included claims against Microsoft in addition to those asserted against PhoneFactor.[20] Lastly, StrikeForce avers in-house counsel for Microsoft attended the *Markman* hearing held in November 2014.[21] Accordingly, StrikeForce insists Microsoft cannot claim prejudice and that the amendments are not the product of bad faith or undue delay and should be granted.[22]

StrikeForce argues, therefore, its motion should be granted because: (1) its proposed amendment is not the product of bad faith, dilatory motive or undue delay; (2) the proposed amendment is not futile; and (3) the proposed amendment will not prejudice Microsoft because it had notice of this litigation at the time the action was initially filed.

---

[17] *Id.* at 2.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.* at 2-3.
[22] *Id.* at 3.

4

PhoneFactor argues the motion should be denied because: (1) StrikeForce has operated with a dilatory motive; (2) StrikeForce agreed that it would not try to join Microsoft or accuse Microsoft products of infringement in this case; (3) adding Microsoft would disrupt and extensively delay this case's schedule; and (4) a lengthy postponement of this case would unduly prejudice PhoneFactor, and is unnecessary.

The court initially notes PhoneFactor does not argue the proposed amendment would be futile. Also, PhoneFactor submitted its opposition brief solely in its own behalf without the intention of binding Microsoft or waiving any of Microsoft's rights by the content thereof.[23] Consequently, it does not discuss Microsoft's knowledge of this action or any prejudice Microsoft might suffer if StrikeForce's motion is granted.

StrikeForce maintains the proposed amendment is not the product of bad faith, dilatory motive, or undue delay. It acknowledges that although the precise nature of PhoneFactor's continuing corporate existence following its acquisition by Microsoft is unknown, shortly before filing its motion it became apparent that PhoneFactor may no longer exist independently of Microsoft.[24] StrikeForce states it appears PhoneFactor's operations have been folded into Microsoft and that there is operational conflation.[25] As support, it states attempts to access PhoneFactor's Internet address by entering www.phonefactor.com into a browser directs the user to Microsoft Azure at http://azure.microsoft.com/en-us/services/multi-factor-authentication.[26] It also avers that

---

[23] D.I. 133 (cover page).

[24] D.I. 126 at 5.

[25] *Id.*

[26] *Id.* StrikeForce does not allege how soon after the acquisition such redirection occurred or whether StrikeForce did, or could have, taken measures to make this determination at an earlier date.

a search for PhoneFactor Inc. in a search engine such as Google or Yahoo returns no independent PhoneFactor website.[27]

StrikeForce contends the corporate fusing became apparent shortly before the filing of this motion in connection with discovery. It states that since at least the March 14, 2014 filing of PhoneFactor's Initial Disclosures Pursuant to Rule 26(a)(1) and the Default Standard for Discovery, PhoneFactor has drawn a distinction between documents created by PhoneFactor pre-October 2012, and those that are now part of Microsoft's files.[28] StrikeForce states it expressed reservations concerning these limitations, but was uncertain as to what, if any, practical effect they would have on the discovery of relevant information until it received a substantial portion of PhoneFactor's document production.[29] StrikeForce maintains it informed PhoneFactor it would reserve judgment on the impact of the Microsoft limitations until it was in a position to evaluate the adequacy of PhoneFactor's document production.[30]

StrikeForce states that, the week prior to filing this motion, on November 14, 2014, PhoneFactor produced its electronically stored information ("ESI") and this production demonstrates the limitations related to Microsoft have artificially and improperly denied it access to information necessary for a complete resolution of this action.[31] StrikeForce contends that the produced documents fail to properly disclose, *inter alia*, information related to the value of the technology at issue, what would

---

[27] *Id.*
[28] *Id.*
[29] *Id.* at 5-6.
[30] *Id.* at 6.
[31] D.I. 126 at 6; D.I. 137 at 4

6

constitute a reasonable royalty, the incorporation of PhoneFactor's products into Microsoft products, and the true revenues derived by the purportedly infringing use of StrikeForce's patented technology.[32]

The court agrees with PhoneFactor's contention that StrikeForce does not adequately explain its delay in seeking to add Microsoft as a defendant in this case. StrikeForce acknowledges it was aware of Microsoft's October 2012 acquisition of PhoneFactor.[33] StrikeForce believed Microsoft infringed its '599 patent months before filing its initial complaint in this matter. On October 10, 2012, StrikeForce's CEO, Mark Kay, sent a letter to Microsoft's CEO "giving him actual of the '599 patent."[34] In a January 30, 2013 email, CEO Kay wrote: "Microsoft is now one of *our largest infringers* and growing in use since they acquired Phone Factor."[35] On March 4, 2013, Microsoft announced "our new phone based two factor authentication" for administrators of Windows Azure Active Directory.[36] On March 28, 2013, StrikeForce filed its initial complaint in this case. Despite StrikeForce giving Microsoft actual notice of the '599 patent, its belief that Microsoft was one of its "largest infringers," and Microsoft's public announcement of its "phone based two factor authentication," StrikeForce did not name Microsoft as a defendant.

On June 12, 2013, Microsoft announced the release of "the preview of our new Windows Azure Active Authentication service" which permitted "all your employees,

---

[32] D.I. 126 at 6.
[33] *Id.* at 2; *id.*, Ex. 1 at ¶ 22.
[34] *Id.*, Ex. 1 at ¶ 21; D.I. 134, Ex. A at SF053058.
[35] D.I. 134, Ex. B at SF061655 (emphasis added).
[36] *Id.*, Ex. C.

7

customers and partners [to have] a rich set of smartphone based two factor authentication options."[37] On June 25, 2013, StrikeForce filed its amended complaint, again not naming Microsoft as a defendant.

On September 26, 2013, Microsoft announced the "General Availability of Windows Azure Multi-Factor Authentication."[38] On October 9, 2013, Microsoft announced its work over the past year "getting the Azure Multi-Factor Authentication service ready for the world" and reporting that since the announcement of "the general availability of Windows Azure Multi-Factor Authentication . . . [w]e've seen a LOT of interest in this service and have even closed several large enterprise deals . . . ."[39] On July 8, 2014, StrikeForce filed its second amended complaint, adding the '698 and '701 patents. StrikeForce once again did not add Microsoft. Instead, StrikeForce waited almost twenty-two months after its CEO commented that Microsoft was "one of our largest infringers" and almost nineteen months after filing its initial complaint, and after the *Markman* hearing was held, to seek to sue Microsoft for infringement in this case. The court considers this to be an undue delay.

StrikeForce argues it was not until PhoneFactor's production of its ESI that it became clear that PhoneFactor's limitations related to Microsoft denied StrikeForce access to information necessary for a complete resolution of this action.[40] StrikeForce acknowledges, however, that since at least the filing of PhoneFactor's initial disclosures, dated March 14, 2014, PhoneFactor's counsel has drawn a distinction

---

[37] *Id.*, Ex. D.
[38] *Id.*, Ex. G.
[39] *Id.*, Ex. H.
[40] D.I. 126 at 6.

between documents created by PhoneFactor pre-October 2012, and those that are now part of Microsoft's files.[41] Those initial disclosures were made more than three months before StrikeForce filed its second amended complaint on July 8, 2014.[42] In emails from PhoneFactor's counsel to StrikeForce's counsel, dated September 24, 2014 and October 27, 2014, PhoneFactor reiterated that post-acquisition documents created by PhoneFactor employees who transitioned to Microsoft would be Microsoft documents that PhoneFactor would not be producing.[43] It is perplexing that in the face of PhoneFactor's continued assertions that post-acquisition documents deemed to be Microsoft documents would not be produced, that StrikeForce asserts it "filed its motion only after it became apparent that PhoneFactor would not (or could not) produce a vast amount of discoverable information it now considers property of Microsoft . . . ."[44]

---

[41] *Id.* at 5 (citing *id.*, Ex. 1 (Defendant PhoneFactor Inc.'s Initial Disclosures Pursuant to Rule 26(a)(1) and the Default Standard for Discovery, dated March 14, 2014)).

[42] As noted above, StrikeForce asserts it expressed reservations over these limitations, placed PhoneFactor on notice it could only determine the practical effect of those limitations after it received a substantial portion of PhoneFactor's document production, and its counsel always reserved its right to pursue Microsoft directly if discovery revealed PhoneFactor was not a separate operating entity and its ability to pursue this litigation was thwarted by Microsoft's acquisition of PhoneFactor. D.I. 126 at 5-6; D.I. 137 at 7. StrikeForce does not, however, cite any communications with PhoneFactor substantiating those assertions.

[43] D.I. 137, Exs. B, C.

[44] *Id.* at 1. PhoneFactor also contends StrikeForce's motion should be denied based on StrikeForce's representation, in an August 22, 2013 letter, that it did not intend to take "direct substantive adverse action against Microsoft in this litigation, such as seeking an injunction against Microsoft, adding Microsoft as a defendant or accusing Microsoft product of infringement." D.I. 133 at 4, 6; D.I. 134, Ex. F. StrikeForce maintains it is not bound by that representation because it was made prior to its understanding that PhoneFactor no longer functions as a separate entity and that PhoneFactor and Microsoft intended to use that fact to withhold discoverable documents and information. D.I. 137 at 7. The court notes Strikeforce's representation was made prior to the PhoneFactor/Microsoft distinction was made clear in

PhoneFactor dismisses StrikeForce's argument that it inhibited StrikeForce's discovery and that PhoneFactor's production is so incomplete that StrikeForce lacks information for a complete resolution of this action. PhoneFactor states it has never taken the position it will not provide post-acquisition, and current, revenue information regarding its accused products. It represents it provided native spreadsheets including comprehensive revenue information through August 2014; the purchase agreement by which Microsoft acquired PhoneFactor; dozens or more agreements between PhoneFactor and its customers; and has made its source code available for inspection for several months–although at the time PhoneFactor submitted its opposition brief, StrikeForce had not scheduled a source-code inspection.[45]

The court concludes, therefore, that StrikeForce's delay in seeking to join Microsoft was undue and its explanation for that delay insufficient to support granting its motion.[46]

PhoneFactor also contends it would be unduly prejudiced if StrikeForce's motion is granted.[47] PhoneFactor notes it has been litigating StrikeForce's claims since March 28, 2013 and that joining Microsoft would unduly prejudice PhoneFactor and extensively disrupt the schedule in this case to allow time for: Microsoft to be served; Microsoft to respond to StrikeForce's complaint; resolving any potential issues under

---

PhoneFactor's March 14, 2014 initial disclosures.
[45] D.I. 133 at 9.
[46] See, e.g., Cot'n Wash, Inc. v. Henkel Corp., C.A. No. 12-650-SLR, 2014 WL 3385758, at *4 (D. Del. July 11, 2014) (noting "[c]ourts in this circuit have denied motions to amend based solely on undue delay when a long delay was unexplained") (citations omitted) (emphasis added).
[47] D.I. 133 at 8.

FED. R. CIV. P. 12 Microsoft might assert; resolving any severance motion Microsoft

might bring in view of the new AIA joinder requirements (35 U.S.C. § 299); StrikeForce

to serve infringement contentions on Microsoft; Microsoft to prepare a defense to those

contentions; Microsoft to prepare invalidity contentions; Microsoft to engage in the

claim-construction process, particularly in view of the new products StrikeForce

accuses; and all parties to embark on discovery related to StrikeForce's new

contentions.[48] The court substantially agrees with PhoneFactor's argument regarding

the disruption of the current case schedule as a reason to deny StrikeForce's motion.[49]

Also, this court previously denied a timely-filed motion to add additional

defendants in a case at a less advanced stage than was this case was when

StrikeForce filed its motion. There, the court noted granting the plaintiff's motion would

"necessitate a lengthy postponement in the case" due to, in part, the need to serve an

overseas entity.[50] In addition to consideration of delay that would be caused to

accomplish service, the court noted "the existing parties have already submitted a Joint

---

[48] *Id.*

[49] The court does not necessarily agree with all of PhoneFactor's points. For instance, it is not certain that the claim construction process would be reopened due to StrikeForce's infringement allegations against certain Microsoft products. As StrikeForce notes, claim construction focuses on the patent, not the products accused of infringement. D.I. 137 at 8 (citing *NeoMagic Corp. v. Trident Microsys., Inc.*, 287 F.3d 1062, 1074 (Fed. Cir. 2002) ("claims may not be construed by reference to the the accused device"); *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1331 (Fed. Cir. 2006) (courts may not "tailor[ ] a claim construction to fit the dimensions of the accused product or process")).

[50] *Howard Found. Holdings Ltd. v. Int'l Vitamin Corp.*, C.A. No. 12-35-RGA (D. Del. Jan. 28, 2013), D.I. 62 at 1.

Claim Construction chart and the claim construction hearing is scheduled for April 17, 2013."[51]

There, the court denied the plaintiff's motion more than two months *before* the scheduled claim construction hearing. Here, StrikeForce filed its motion to amend *after* the claim construction hearing had taken place. In *Howard Foundation*, the court also noted "there is absolutely nothing preventing the Plaintiff from separately suing the two proposed defendants if it so chooses" and concluded "there is no reason to grant the motion considering the disruption and delay to the schedule it would bring."[52] As in that case, StrikeForce readily acknowledges it can bring suit against Microsoft if it chooses to. Here too, the court determines StrikeForce's ability to separately bring suit against Microsoft, as well as the disruption and delay of the schedule in the instant suit at this stage of the proceeding by the addition of Microsoft, would prejudice PhoneFactor and disrupt the orderly continuation of this case under the current scheduling order.[53] Consequently, StrikeForce's motion should be denied for these reasons as well.

## V. ORDER AND RECOMMENDED DISPOSITION

For the reasons contained herein, it is recommended that:

---

[51] *Id.*, D.I. 62 at 1.

[52] *Id.*, D.I. 62 at 1-2.

[53] *See, e.g., Round Rock Research, LLC v. SanDisck Corp.*, C.A. No. 12-569-SLR, (D. Del. Jan. 30, 2014) D.I. 113 at 1 (denying a motion to amend answer, stating "defendant requests the opportunity to expand the scope of the above captioned case by amending its answer to assert monopolization and conspiracy claims. Although the motion is timely, in terms of case management, I conclude the complex issues identified in the motion should be litigated as a separate case . . . ."). As in *Round Rock*, the court determines, in terms of case management, any infringement claims against Microsoft's products should be litigated as a separate case.

(1) StrikeForce's motion for leave to amend its complaint and join Microsoft as a defendant (D.I. 125) be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within ten (10) days after being served with a copy of this Report and Recommendation.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. 72, dated October 9, 2013, a copy of which is available on the Court's website, www.ded.uscourts.gov.

Dated: May 26, 2015          /s/ Mary Pat Thynge
                                      UNITED STATES MAGISTRATE JUDGE