IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRIKEFORCE TECHNOLOGIES INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 13-490-RGA |
| PHONEFACTOR INC., et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

The Magistrate Judge filed a Report and Recommendation on claim construction. (D.I. 168). She construed sixteen, mostly disputed, terms. Each side has filed objections, to which the other side has responded. (D.I. 178, 180, 184, 186). I review the proposed constructions of the objected-to terms *de novo*.

Defendants object to five terms, but essentially make one argument in support. The Magistrate Judge identified structure for five disputed means-plus-function terms. Defendants argue that the specification does not disclose an algorithm. First, I note that, notwithstanding some argument to the contrary from Plaintiff (D.I. 184 at 8), these are means-plus-function terms. The Magistrate Judge decided that under now-overruled law that was less favorable to Defendants than present law. *See Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349 (Fed. Cir. 2015) (en banc as to relevant portion). Under *Williamson*, it is now clearer that the Magistrate Judge's construction that the five terms were means-plus-function terms was correct. Second, Defendants' reliance on *AllVoice Computing PLC v. Nuance Communications, Inc.*, 504 F.3d 1236 (Fed. Cir. 2007), is misplaced. That case recognizes that there can be multiple ways to

-1-

implement an algorithm. *Id.* at 1245-46. "In software cases, . . . algorithms in the specification need only disclose adequate defining structure to render the bounds of the claim understandable to one of ordinary skill in the art." *Id.* at 1245. Third, Defendants' reliance on *Noah Sys. Inc. v. Intuit, Inc.*, 675 F.3d 1302 (Fed. Cir. 2012), is also misplaced. That case did not have any algorithm at all for one of the identified functions. *Id.* at 1318-19. By contrast, I find here that each function has a corresponding algorithm. Thus, I do not think Defendants' objections as a whole are well-taken.

Further, I agree with the Magistrate Judge that the flow charts and/or specification prose disclose algorithms for the various means-plus-function terms. They are simple algorithms, but there is no requirement that the algorithms be complicated.

On the "comparator means," the algorithm identified by the Magistrate Judge (D.I. 168 at 39) is clearly an algorithm. Defendants' argument is essentially that it is not an algorithm for the identified function. The identified function is "authenticating the access demand in response to the retransmission of the predetermined data from the telephonic device." The algorithm disclosed in Figures 9C and 9D is an algorithm that provides an authentication process. Defendants' argument that the structure is not clearly linked to the function does not make sense to me. The security computer gets a demand for access. It goes through a procedure that authenticates the password and voice identification of the user. I think this is clearly linked to the function.

On "biometric analyzer," the Magistrate Judge identified structure that is clearly linked with the identified function of "analyzing a monitored parameter of the accessor." I think Defendants are correct that the entire structure identified in the specification is the structure, that

-2-

is, "monitoring the particular parameter of the individual person; including (sic) the parameter to a mathematical representation or algorithm therefore (sic); retrieving a previously stored sample (biometric data), (sic)[1] thereof from a database and comparing the stored sample with the input of the accessor." '599 patent, 6:31-35. On Defendants' objection that the algorithm does not specify how the comparison is made, I do not think the algorithm needs to do that. I think the algorithm is sufficient for the ordinarily skilled artisan. *See AllVoice*, 504 F.3d at 1245.

The Defendants' objection to what I will call the transmitting means is the same as to "biometric analyzer," that is, that the algorithm does not specify exactly how the comparison is made. For the same reasons as with "biometric analyzer," I disagree.

On "voice recognition means" and "voice sampling means," I think these terms are examples of biometric recognition. Defendants object that the structure linked to these terms is the same as to "biometric analyzer," and argues that *Noah*, 675 F.3d at 1319, prohibits one structure from performing multiple functions. (D.I. 178 at 12-13). I do not think *Noah* says that. Indeed, *Noah* acknowledges (at least implicitly) that a disclosed algorithm can support multiple functions. *Cf. id.* at 1318 (holding that "a disclosed algorithm [that] supports some, but not all, of the functions" is treated as being no algorithm).

On "authentication program mechanism," the objection is the same as to "comparator means," and, consistent with my rejection of the objection in that context, I also reject it in this context. Thus, Defendants' objections (D.I. 178) are **OVERRULED**.

---

[1] I express no opinion at this time on the ultimate interpretation of this portion of the algorithm, which Defendants describe as "unintelligible." (D.I. 178 at 12 n.4). It seems to me that "including" means something like "translating," that "therefore" means "thereof," and that the comma is superfluous.

Plaintiff makes numerous objections.[2] Many of them, however, are based on essentially the same arguments.

The parties dispute whether the Magistrate Judge's constructions read on a preferred embodiment, namely, Figure 1A. *See* D.I. 168 at 15 (R&R stating that the "relevant asserted claims" read on the Figure 1A embodiment). Plaintiff argues that the constructions of "security computer" and "host computer" do not read on Figure 1A, but it seems to me that they do. In Figure 1A, the user's computer 22 seeks access by a dotted line to internal router 36, which sends the access request via dotted line to the security computer 40. Figure 1A also shows the security computer 40 being separate from the host computer 34. Plaintiff asserts that the solid line from user's computer 22 through the access network and internal router and corporate network to the host computer 34 indicates the flow of information between the host computer and the user's computer before access is granted, but Plaintiff's assertion is inconsistent with the specification's description that "the request-for-access is diverted by a router 36 internal to the corporate network 38 to an out-of-band security network 40." '599 patent, 6:16-18.[3] Plaintiff also argues that Figure 1A shows that the host computer and security computer have a connection and therefore cannot be "isolated." (D.I. 490 at 7-8). The Magistrate Judge's construction is, however, consistent with the specification's characterization of Figure 1A: "the out-of-band

---

[2] Defendants object to many of Plaintiff's arguments on the ground that they were not raised before the Magistrate Judge, but Plaintiff responds by citing places in the record where it appears to me that it did make the arguments. Thus, I reject Defendants' argument that Plaintiff has waived any arguments.

[3] It would, however, be consistent with the point of the successful use of the access procedure, that is, establishing communication between the user and the host. *See* '599 patent, 4:21-22.

-4-

security network 40 is isolated from the corporate network 38 and does not depend thereon for validating data." '599 patent, 6:21-23. The construction of "security computer" does not prevent the claims from reading on Figure 1A. Being "isolated" does not mean having no connections at all.

Plaintiff's objections to the construction of "intercepting," "intercepted," "interception device," etc., are similar to its objections to "host computer" and "security computer." To the extent they are similar objections, they are similarly overruled. Plaintiff objects to the router being physically separate from the host computer or the web server, suggesting that it is not possible. Yet, that is the arrangement that is depicted in Figure 1A.

Plaintiff's objections to "access channel" and "authentication channel" are overruled. The inventor "defined" the embodiment that is Figure 1A as "one having an authentication channel that is separated from the information channel and therefore is nonintrusive as it is carried over separate facilities than those used for the actual information transfer." '599 patent, 5:62-66. This definition is narrower than the one Plaintiff relies upon (D.I. 180 at 11), and, in my opinion, is not being used to describe the invention, but the prior art. *See* '599 patent, 2:37-65.

Plaintiff's objections to "subscriber database" are overruled. The Magistrate Judge's recommendation is based on a definition set forth by the inventor during the prosecution. (D.I. 168 at 28 & n.99). "An 'out-of-band' operation is defined herein as one conducted without reference to the host computer or any database in the host network." Plaintiff's objections make no reference to this lexicography.

Plaintiff's objections to "control module" are based on its assertion that "control module" was a term of art in the computer field at the time, but the Magistrate Judge noted that Plaintiff's

-5-

expert's conclusion to this effect was based on cobbling together the definitions of three other terms, and contradicted by Defendant's expert's opinion. Under the circumstances, I agree as a fact that "control module" was not then a term of art. I note that the Magistrate Judge recommended essentially a means-plus-function treatment of "control module." The function is "to control processing flow and the interfacing with the internal and external system components." The structure is "software that incorporates a finite state machine, a call state model, process monitors, and a fail-over mechanism." '599 patent, 6:63-7:2.

The additional terms rise or fall with the ones already discussed.

On a more general level, Plaintiff objects to the Magistrate Judge's recommendation that the asserted claims exclude the embodiment at Figure 10. The Magistrate Judge's reasoning essentially was that the language of the asserted claims – "accessing a host computer," etc. (*see* D.I. 168 at 14-15) – is consistent with the description of Figure 1A, where the "external accessor . . . seeks entry into a host system," and inconsistent with the description of Figure 10, where the "internal accessor . . . seeks entry into a restricted portion of the host system." *Compare* '599 patent, 4:62-63 & 5:23-24. I think the Magistrate Judge is correct.

Therefore, Plaintiff's objections (D.I. 180) are **OVERRRULED**.

Therefore, the Report and Recommendation (D.I. 168) is **ADOPTED**, with the modification that the structure for "biometric analyzer," "voice recognition means," and "voice sampling means" is that set forth earlier in this Memorandum Order.

IT IS SO ORDERED this 29 day of September 2015.

Richard G. Andrews
United States District Judge